# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT TICHY and CORALINA TICHY, | : Civil No. 4:19-CV-01385 |
| Plaintiffs, | : |
| v. | : |
| THOMAS REINHART, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a civil case in which Plaintiffs bring several claims under Pennsylvania law arising from Defendants' allegedly wrongful conduct in connection with a government loan that Plaintiffs had obtained to purchase a home. The court's subject matter jurisdiction in the case was predicated on a federal question under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. In the currently operative complaint, however, no federal claim is raised, and all parties agree that the court does not have original subject matter jurisdiction. Accordingly, because all federal claims have been dismissed, the court will exercise its discretion under 28 U.S.C. § 1367(c)(3) and decline to exercise jurisdiction over the remaining state law claims. The case is therefore dismissed without prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Robert and Coralina Tichy initiated this case through the filing of a complaint on August 9, 2019. (Doc. 1.) Plaintiffs subsequently amended their complaint on August 12, 2019, October 7, 2019, and October 23, 2019. (Docs. 3, 27, 38.) The third amended complaint raised a claim for violation of the federal Real Estate Settlement Procedures Act ("RESPA") and eight claims for relief under state law. (*See* Doc. 37 ¶¶ 97–165.)

The case was reassigned from Judge Brann to the undersigned pursuant to a verbal order on November 25, 2019. Shortly thereafter, Plaintiffs filed a motion for leave to file a fourth amended complaint. (Doc. 47.) The court granted the motion in part on June 30, 2020, allowing Plaintiffs to file a fourth amended complaint subject to certain limitations. (Docs. 58–59.) Plaintiffs filed their fourth amended complaint on July 16, 2020. (Doc. 60.) The fourth amended complaint sought relief exclusively under state law and did not raise any claims for relief under federal law. (*See id.* ¶¶ 104–58.)

Defendants Thomas Reinhart ("Reinhart") and PennyMac Loan Services LLC ("PennyMac") moved to dismiss the fourth amended complaint on July 30, 2020. (Docs. 61–62.) In briefing on its motion to dismiss, PennyMac argues that the court should retain jurisdiction over Plaintiffs' state law claims and dismiss them on the merits. (Doc. 66 at 11–25.) In the alternative, PennyMac argues that

the court should dismiss the fourth amended complaint for lack of subject matter jurisdiction because all federal claims have been dismissed from the case. (*Id.* at 26.) Plaintiffs respond that they "would consent to the Court retaining supplemental jurisdiction over the remaining state claims to the extent the Court deems appropriate given the progress of the litigation thus far, such as it is." (Doc. 69 at 3.) Defendant Reinhart does not take a position on the jurisdictional issue. (*See* Docs. 61, 65.) All other Defendants have also not taken positions on the jurisdictional issue. (*See* Doc. 82.)

## DISCUSSION

A district court that has original subject matter jurisdiction in a case "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The court may decline to exercise that supplemental jurisdiction, however, when all claims for which the court had original jurisdiction have been dismissed from the case. *Id.* § 1367(c)(3).

A district court's decision whether to exercise supplemental jurisdiction when all federal claims in a case have been dismissed is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Ordinarily, a district court exercising that discretion "*must* decline to decide the pendent state

claims," but the court "need not do so where 'considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification'" for retaining jurisdiction.  *North Sound Capital LLC v. Merck & Co., Inc.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019) (emphasis in original) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

Because the ultimate decision as to whether to retain jurisdiction is discretionary, a district court "does not err if it declines to exercise supplemental jurisdiction over state claims after it dismisses a federal claim on which its jurisdiction is based in the absence of extraordinary circumstances."  *Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019).  Any dismissal based on the court's decision to decline jurisdiction should be without prejudice.  *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999)).

Here, as noted above, the currently operative complaint does not raise a federal claim, and all parties agree that the court does not have original subject matter jurisdiction.  (*See* Doc. 60.)  PennyMac nevertheless urges the court to retain jurisdiction over Plaintiffs' state law claims in the interests of judicial economy, convenience, and fairness to the parties. (Doc. 66 at 13.)  PennyMac notes that the parties have spent significant time and resources litigating the case in federal court and that dismissal of the case would likely force the parties to start

4

over in state court when the case has already been in the pleading stage for over a year. (*Id.*) "Under these circumstances," PennyMac argues, "it would make little sense to require PennyMac to expend additional resources making the same arguments in state court, particularly where, . . . Plaintiffs' claims against PennyMac are meritless." (*Id.*) PennyMac further argues that retaining jurisdiction furthers the goal of fairness because Plaintiffs have engaged in "procedural gamesmanship" by eliminating their only federal claim with little or no notice to Defendants. (*Id.* at 13–15.)

Having considered PennyMac's arguments as to why the court should retain jurisdiction, the court will decline to do so and will dismiss the case without prejudice. Although PennyMac argues persuasively that retaining jurisdiction would make sense because the court could readily rule on the merits of the claims against it, that argument ignores the fact that PennyMac is not the only defendant in this case. Plaintiffs' fourth amended complaint names five defendants, only two of which—PennyMac and Reinhart—have moved to dismiss the fourth amended complaint. (*See* Docs. 60–62.) Thus, rather than the court being in a position to quickly rule on the merits of the case, it appears more likely that the case will result in protracted litigation that could take considerable time to resolve. Given that all remaining claims in the case arise under Pennsylvania law, the court finds that it would be more appropriate for such litigation to occur in state court.

Accordingly, the court will deny PennyMac's request that the court retain jurisdiction, but grant PennyMac's alternative request that the court decline to exercise jurisdiction and dismiss the case.

## CONCLUSION

For the foregoing reasons, the court declines to exercise subject matter jurisdiction over Plaintiffs' remaining state law claims and this case is dismissed without prejudice. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: November 4, 2020